IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02611-CNS-SBP

DEREK SKELLCHOCK,

Plaintiff,

v.

FOOTHILLS CREDIT UNION,
COLORADO DIVISION OF CHILD SUPPORT SERVICES (CDCSS), and
LARRY DESBIEN, in his official capacity as Director of CDCSS,

Defendants.

---

**ORDER**

---

The Colorado Division of Child Support Services (the "Division") and Larry Desbien (together, the "State Defendants") filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 54) ("Motion" or "Motion to Dismiss"). Plaintiff Derek Skellchock filed a response to the Motion, ECF No. 56, the State Defendants filed a reply, ECF No. 61, and Plaintiff, with leave of the Court, filed a surreply, ECF No. 62-1.

Having carefully considered the briefing on the Motion, the entire docket, and the applicable law, the Court now finds that all of Plaintiff's claims, brought against every named Defendant, including Defendant Foothills Credit Union, should be dismissed without prejudice under the *Younger* abstention doctrine.

## I. BACKGROUND[1]

Plaintiff, a resident of Larimer County, Colorado, receives disability compensation and other benefits from the U.S. Department of Veterans Affairs ("VA"). ECF No. 43 ¶ 1. Plaintiff is also subject to a valid child support order, which was issued by the Larimer County District Court on April 29, 2024, in *Skellchock, Petitioner, and Volz, Co-Petitioner*, Case No. 18DR030326 (Larimer County District Court) (the "State Case"), ECF No. 54-1 at 99 (4/29/2024 Child Support Order ordering Plaintiff to pay child support in the amount of $497.68 per month).[2] At some unidentified point, Plaintiff opened an account "solely in Plaintiff's minor son's name" at Defendant Foothills Credit Union (the "Credit Union"), and Plaintiff was "listed on the account only for custodial and legal access." ECF No. 43 at 5, ¶ 19. Plaintiff deposited some unspecified amount of his veteran's disability benefits in the account, "withdrawing only what he personally needed and leaving the remainder saved for the child." *Id.* The Division moved to garnish funds from the Credit Union account to satisfy Plaintiff's child support obligations. *Id.* at 6, ¶¶ 22-25. The Credit Union then froze Plaintiff's account and, later, transferred $1,616.99 from the account to the Division. *Id.* at 6, ¶ 23.

[1] The following facts are culled from Plaintiff's Second Amended Complaint (ECF No. 43) and other filings in the record.

[2] Defendants have appended to the Motion a certified copy of the Register of Actions in the State Case, and this Court also properly takes notice of public court records from the State Case. *See, e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts that are a matter of public record); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts" (citation omitted)). On September 10, 2026, the Court reviewed an up-to-date Register of Actions in the State Case, which reflects ongoing proceedings in that matter, including, most recently, a filing on September 7, 2026.

Plaintiff initiated this action on August 20, 2025. ECF No. 1. In the operative pleading, he brings a claim styled as "Unlawful Seizure of VA-Protected Benefits" under 38 U.S.C. § 5301 (a statute governing the "[n]onassignability and exempt status of [veteran's] benefits"), although he appears to acknowledge that he can state no viable claim on that basis, [3] *id.* at 6; claims alleging violations of his rights under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and Colorado Revised Statute § 15-14-507,[4] *id.* at 6-7; and a claim asserting that the Credit Union has "Independent Federal Liability" to him under "31 C.F.R. Part 212." *Id.* at 7-8. In his pleading, Plaintiff sought declaratory and injunctive relief and the return of the "unlawfully seized VA-protected and custodial funds" in the amount of $1,616.99, along with compensatory and punitive damages from the Credit Union in the amount of $75,000.00. *Id.* at 9; ECF No. 44 at 1-2.

On February 26, 2026, the State Defendants filed the instant Motion seeking dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 54. The State Defendants argue that (1) Plaintiff's claims are barred by the *Younger* abstention doctrine; (2) the domestic relations exception to federal subject matter jurisdiction counsels against exercising jurisdiction over Plaintiff's claims; (3) Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment;

---

[3] Plaintiff has admitted that this statute creates no private right of action and has affirmatively stated that he is not "assert[ing] a standalone cause of action under § 5301. Plaintiff asserts claims under 42 U.S.C. § 1983." *See* ECF No. 62-1 at 3.

[4] Plaintiff appears to intend to rest this claim on the Colorado Uniform Transfers to Minors Act, codified at Colo. Rev. Stat. §§ 11-5-101 to 11-5-126.

and (4) Plaintiff has failed to state any plausible claim for relief. *Id.* at 4-15. Plaintiff, in response, argues that *Younger* abstention is inapplicable because there is no parallel state proceeding; that exercising federal jurisdiction over his claims is proper; and that he is entitled to relief under *Ex Parte Young*. ECF No. 56 at 1-5.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Dismissal under Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When faced with a factual attack on subject matter jurisdiction, the district court does not presume the truthfulness of the allegations in the complaint and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). Consideration of "evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.*

The State Defendants make a factual attack on this court's jurisdiction to entertain Plaintiff's claims by submitting the record of the State Court case. But "neither party argues that this case should [be] resolved under a summary-judgment analysis," nor does

Plaintiff dispute the facts derived from the State Court docket. *Clark v. United States*, 695 F. App'x 378, 382 n.2 (10th Cir. 2017). The Court therefore concludes that it may rule on the Motion to Dismiss without converting it to a motion for summary judgment. *See id.* (finding conversion improper where the parties failed to "point to specific disputes of material fact involving merits issues that require resolution under a summary-judgment analysis"). And because there are no disputed jurisdictional facts, the court finds an evidentiary hearing unnecessary.

**B. Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a "plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation modified). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation omitted).

Finally, because Plaintiff is not represented by an attorney, the Court must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

In the instant dismissal motion, ECF No. 54, the State Defendants argue that the Court should abstain from hearing this case pursuant to the *Younger* abstention doctrine because Plaintiff seeks to use this action to interfere with the state court's ability to enforce the binding order for child support in the State Case. The Court agrees with the State Defendants that *Younger* abstention precludes federal jurisdiction over this case. That preclusion applies equally to the claims brought against the Credit Union, which the Court also dismisses.

### A. Legal Principles

It is well established that the Court must have jurisdiction over a plaintiff's claims. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980) ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction[.]")); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (observing that courts have "no power to decide an issue if [they] lack jurisdiction"). And since "*Younger* abstention is jurisdictional," *id.* at 1228, the Court first addresses whether *Younger* abstention applies and requires dismissal of Plaintiff's entire case. It is crucial to address *Younger* at the outset because a determination that this Court lacks jurisdiction over a claim "moots any other challenge to the claim, including a different jurisdictional challenge." *Id*. at 1229.

The *Younger* abstention doctrine "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief."

*Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (citation modified); *see also Courthouse News Serv. v. New Mexico Admin. Off. of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022) (noting the requirement to abstain "absent extraordinary circumstances" (quoting *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001))). Although typically invoked when a federal suit is filed to enjoin a pending state criminal proceeding, the doctrine has been extended to state civil proceedings, including suits between two private parties. *See, e.g.*, *D.L.*, 392 F.3d at 1228; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10 (1987). This extension reflects the deference federal courts afford to state courts and their reluctance to "interfere with an ongoing state proceeding implicating important state interests." *D.L.*, 392 F.3d at 1227-28. This reluctance is rooted in the foundational "principles of 'equity, comity, and federalism'" that animate "a 'longstanding public policy against federal court interference with state court proceedings.'" *Rocky Mt. Gun Owners v. Williams*, 671 F. App'x 1021, 1024 (10th Cir. 2016) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974)).

*Younger* abstention, however, is the exception, not the rule. *See, e.g.*, *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020). Absent "exceptional" circumstances that warrant its application, "the pendency of an action in a state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. at 670 (citation modified).

In *Sprint Communications, Inc. v. Jacobs*, the Supreme Court clarified that *Younger*'s "exceptional" circumstances are limited to three categories: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain

orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. 69, 73 (2013) (citation modified). These three categories "define *Younger's* scope." *Travelers Cas. Ins.*, 98 F.4th at 1317; *see also Sprint*, 571 U.S. at 78. "If and only if the state court proceeding falls within one of the enumerated 'exceptional' types of cases, *may* courts analyze the propriety of abstention under the so-called *Middlesex*[5] conditions." *Travelers Cas. Ins.*, 98 F.4th at 1317. Those factors ask the court to consider whether there exists "(1) an ongoing state judicial proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings." *Courthouse News Serv.*, 53 F.4th at 1256 (citation modified). But it remains the case that "the sine qua non of *Younger* abstention is the presence of an 'exceptional' state court proceeding," and *Younger* extends "no further." *Travelers Cas. Ins.*, 98 F.4th at 1317 (quoting *Sprint*, 571 U.S. at 82).

**B. Application of *Younger***

The State Defendants argue that the state child support enforcement proceedings, which served as the impetus for the seizure of Plaintiff's VA disability benefits, constitute an ongoing civil state court action for *Younger* purposes. ECF No. 54 at 4-7. Further, the State Defendants insist that the equities favor abstention. *Id.* In response, Plaintiff argues that "th[is] case is [not] about the validity of a child-support order or ordinary enforcement of support obligations"; rather, it involves the question of "whether the State's enforcement mechanism complied with federal limits on the seizure of federally protected funds." ECF No. 62-1 at 4. The Court concludes that the State Defendants are correct.

---

[5] "*Middlesex*" refers to *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

### 1. *Sprint* Categories

In order to assess whether *Younger* abstention is warranted, the Court first must determine whether the State Case falls into one of the *Sprint* categories. *See Zesiger v. Zesiger*, No. 25-4055-DDC-RES, 2026 WL 522888, at *2 (D. Kan. Feb. 25, 2026) ("[The Tenth] Circuit's recent *Younger* decisions make clear that it will reverse abstention premised on *Younger* where a district court has skipped over the *Sprint* categories and jumped straight to *Middlesex*'s conditions." (citing *Covington v. Humphries*, 24-1158, 2025 WL 1448661, at *5-6 (10th Cir. May 19, 2025))); *see also Bivings v. Paprzycki*, No. 25-1171, 2025 WL 3687800, at *2 (10th Cir. Dec. 19, 2025); *Bellinsky v. Galan*, Nos. 24-1351, 24-1352, 2025 WL 2047809, at *3 (10th Cir. July 22, 2025).

The State Defendants assert that this case "fall[s] squarely within the third [*Sprint*] category: civil proceedings involving orders that further a state court's ability to perform its judicial functions." ECF No. 61 at 2. Plaintiff, however, contends that this matter does not concern such a proceeding because "[t]his case does not ask the Court to modify any child-support obligation or domestic relations order." ECF No. 62-1 at 2. But Plaintiff misunderstands the *Sprint* inquiry: the question is not whether *this* action falls within one of the three categories; rather, the question is "whether the underlying domestic relations case [] fall[s] into a *Sprint* category." *Bellinsky*, 2025 WL 2047809, at *4. Several courts in this District have found that child support enforcement proceedings fall within the third *Sprint* category, and they have done so over the same objections that Plaintiff makes here.

In *Gibson v. Lopez*, the plaintiff alleged that the defendants had violated his

Fourteenth Amendment rights by, among other things, "placing liens on Plaintiff's financial accounts" for the purpose of collecting child support arrears. *See* No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *1 (D. Colo. June 15, 2022). The court recognized that, despite the plaintiff's invocation of the Constitution, the lawsuit was essentially "challenging the state's efforts to collect child support payments from him, including whether any of his funds were improperly seized," a challenge which was "borne of [the] ongoing domestic relations matter within the jurisdiction of the" state court. *Id.* at *6.

Similarly, in *Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307, at *2 (D. Colo. July 29, 2025), the court was confronted with several constitutional claims challenging "child support enforcement actions taken against" the plaintiff. There, the court recognized that "[f]ederal courts have repeatedly held that child support enforcement proceedings fit this third *Sprint* category." *Id.* at *5 (citing *Stephens v. Child Support Servs. of Okla. Dep't of Hum. Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950, at *4 (N.D. Okla. Apr. 25, 2025), *aff'd*, No. 25-5063, 2026 WL 125755 (10th Cir. Jan. 16, 2026); *Gibson*, 2022 WL 2158986, at *6))); *see also, e.g.*, *Balderama v. Bulman*, No. CIV 21-1037 JB/JFR, 2023 WL 2728148, at *11 (D.N.M. Mar. 31, 2023) (holding that a child support order from which the plaintiff "seeks relief in this federal action was borne of an ongoing domestic relations matter within the State district court's jurisdiction, and relates to an order negotiated in the State court and that the State court currently supervises," and so "falls within the category of civil proceedings involving certain orders uniquely in furtherance of the State courts' ability to perform their judicial functions" (citing *Gibson*, 2022 WL 2158986, at *6)), *aff'd*, No. 23-2063, 2024 WL 158756 (10th Cir. Jan.

16, 2024).

Like this precedent, the instant case fits neatly in the third *Sprint* category. Dissatisfied with the directives made by the court in connection with the enforcement a child support order in the State Case, Plaintiff here claims constitutional violations stemming from the purportedly “unlawful seizure of VA-protected benefits” and “wrongful seizure of minor-owned funds.” ECF No. 43 at 6, ¶¶ 27-30. He seeks relief in the form of a declaratory judgment that “VA benefits are exempt under federal law, custodial funds cannot be garnished, and [the Division]’s exemption-request policy is unlawful,” and an injunction “prohibiting future freezes or seizures of VA benefits or custodial funds.” *Id.* at 8, ¶¶ 4-5. And so, in practical effect, Plaintiff would have this Court stay enforcement of the State Case order compelling him to pay child support, *see* ECF No. 54-1 at 99—an order that is “uniquely in furtherance” of the Colorado state court’s “ability to perform the important, state-specific function of addressing family and custody disputes.” *See Stephens*, 2025 WL 1194950, at *4 (citing *Travelers Cas. Ins.*, 98 F.4th at 1317; *Gibson*, 2022 WL 2158986, at *5). These are “exceptional” circumstances that warrant the application of *Younger*.

### 2. *Middlesex* Conditions

Having affirmatively answered the threshold question in confirming that the State Case falls into one of *Younger’s* three enumerated “exceptional” categories, the Court is authorized to examine the propriety of abstention under the *Middlesex* conditions. *See Travelers Cas. Ins.*, 98 F.4th at 1317 (“Only after the court determines the case falls within the three categories of exceptional cases do the *Middlesex* factors come into play.”).

Under *Middlesex*, a court should "refrain from hearing an action over which it has jurisdiction when the federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal quotation marks and brackets omitted). All of the *Middlesex* conditions counsel in favor of abstention here.

As for the first condition, there is unquestionably an ongoing state proceeding that is being actively litigating at this time. On September 7, 2026, Ms. Volz, the co-petitioner in the State Case, filed a Motion and Affidavit for Citation for Contempt of Court against Plaintiff, seeking both remedial and punitive contempt sanctions for Plaintiff's alleged failure to comply with an "Order Regarding Modification of Permanent Orders." *See* State Case, Register of Actions. In another pending motion, on which the state court held an evidentiary hearing on July 20, 2026, Plaintiff seeks a modification of the parenting time of his minor child. *See id.*

In this context, it is readily apparent that the adjudication of the instant matter by this Court, and awarding the relief Plaintiff seeks, would interfere with—if not entirely upend—the proceedings in the State Case. Furthermore, because the State Case concerns family relations and child custody issues, it is "of the type afforded *Younger* deference." *Kimbrell v. Kimbrell*, No. CIV 09-0563 RB/ACT, 2010 WL 11627409, at *4 (D.N.M. Feb. 23, 2010) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)); *see also Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) ("The first [*Middlesex*] condition—ongoing state administrative proceedings—involves two subparts: the

proceedings must be ongoing and they must be the type of proceedings afforded *Younger* deference.").

The second *Middlesex* condition asks whether this domestic relations proceeding involving child custody issues implicates important state interests. It does. It has long been recognized that "[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States." *See Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992) (quotation omitted); *see also, e.g.*, *Gladstone v. Owens*, No. 25-1345, 2025 WL 3441796, at *5 (10th Cir. Dec. 1, 2025) (custody and property proceedings in Colorado state courts "undoubtedly implicate important state interests" (citing *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005))); *Zesiger*, 2026 WL 522888, at *4 (finding that "a couple's post-divorce economic relationship—as defined by a state court divorce decree—involves important state interests" under the second *Middlesex* condition).

Moreover, "a case that implicates 'the functioning of the state judicial system' also 'evidence[s] the state's substantial interest in the litigation.'" *Zesiger*, 2026 WL 522888, at *4 (quoting *Middlesex*, 457 U.S. at 432). As federal courts have routinely acknowledged, state courts have an important interest in exercising their jurisdiction. *Pueblo of Pojoaque v. Biedscheid*, 689 F. Supp. 3d 1033, 1127 (D.N.M. 2023); *Zesiger*, 2026 WL 522888, at *4 (plaintiff's request for a federal court to "intervene in the state court's ability to enforce its orders and employ its contempt mechanisms" implicated an important state interest); *Braverman v. New Mexico*, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *25 (D.N.M. Oct. 19, 2011) ("The Supreme Court has held [that] . . . 'while rare instances arise in which

it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts.'" (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004))). The relief Plaintiff seeks here directly implicates an important state interest. He does not ask the Court simply to resolve a discrete question of federal law; he demands that this Court intervene in a state court's ability to enforce its custody orders. Here, then, a quintessentially important state interest is at stake, and the second *Middlesex* condition is satisfied.

The final *Middlesex* condition requires the Court to confirm that the state proceeding provides "an adequate opportunity to raise federal claims[.]" *Travelers Cas. Ins.*, 98 F.4th at 1317. That condition is satisfied here. "[U]nless state law *clearly bars the interposition of the federal statutory and constitutional claims*, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (emphasis added) (internal quotation marks and quotation omitted). Plaintiff "bear[s] the burden of proving that state procedural law" bars raising its claims in state court. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). He has failed to meet that burden.

The Larimer County District Court presumptively "provides an adequate forum to hear the federal claims that [Plaintiff] raises in this case—namely, Plaintiff's constitutional challenges to the amount of child support he owes and whether any of his funds were improperly seized." *See Gibson*, 2022 WL 2158986, at *6; *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) ("Where a federal plaintiff has not attempted to present his

federal claims in related state court proceedings, 'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting *Pennzoil*, 481 U.S. at 15)); *cf. Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1164 (10th Cir. 1999) ("It is sufficient for purposes of *Younger* abstention that federal challenges," including "civil rights complaints, may be raised in state court judicial review of administrative proceedings.") (citation omitted). Here, Plaintiff has not presented "unambiguous authority" to the contrary. *Pennzoil*, 481 U.S. at 15.

* * *

In sum, the case meets all of the requirements for *Younger* abstention, which the Court is now required to apply. And nothing in the record evinces the existence of the "extraordinary circumstances" that would override the Court's obligation to implement *Younger*. *See Courthouse News Serv.*, 53 F.4th at 1256; *Younger*, 401 U.S. at 54 (noting that "extraordinary circumstances" include "bad faith, harassment, or any other unusual circumstance that would call for equitable relief").

**C. Dismissal of the Case**

Having concluded that *Younger* abstention applies, the Court dismisses all claims, against all Defendants, including the Credit Union.

With regard to the claims against the State Defendants, Plaintiff does not seek monetary relief against these Defendants. *See* ECF No. 43 at 8 (cabining monetary relief to claims against the Credit Union); ECF No. 56 at 2-3 (stating that Plaintiff seeks no monetary damages from any State Defendant and that "[a]ll monetary damages and

restitution are sought solely from Foothills Credit Union"). Claims for declaratory and injunctive relief are "subject to outright dismissal" under *Younger*. *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023); *see also D.L.*, 392 F.3d at 1228 (concluding that when injunctive relief would be impermissible under *Younger* principles, declaratory relief is ordinarily also impermissible). Thus, all of Plaintiff's claims against the State Court Defendants are dismissed.

As for the claims against the Credit Union, while the Credit Union has not filed a motion to dismiss, this Court is authorized to "address application of the *Younger* doctrine *sua sponte*." *Kingston v. Utah Cnty.*, 161 F.3d 17 (10th Cir. 1998), 1998 WL 614462, at *2 (10th Cir. Sept. 8, 1998) (unpublished) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Morrow*, 94 F.3d at 1390-91 (raising *Younger* doctrine *sua sponte* and determining that abstention was required)); *Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009) (same). The Court concludes that these claims, too, are appropriate for dismissal under *Younger*.

While it is not clear to this Court that Plaintiff has any viable path to an award of damages on any theory he pursues against the Credit Union, *if* he does, such claims may be as readily addressed in the State Case as in this one. The claims against the Credit Union, like the ones against the State Defendants, hinge on the core questions of the amount of child support Plaintiff owes and whether his funds were improperly seized pursuant to the child support order in effect in the State Case. Under these circumstances, it is clear that the state trial court adjudicating the State Case could have addressed Plaintiff's causes of action—demonstrating that although he seeks monetary damages,

dismissal of this claim under *Younger*, rather than a stay, is the appropriate course. *See, e.g.*, *ETP Rio Rancho Park, LLC v. Grisham*, 522 F. Supp. 3d 966, 1008-09 (D.N.M. 2021) ("[W]here a state court can address a plaintiff's causes of action, a federal court should abstain and dismiss the case even if the plaintiff requests monetary damages in addition to injunctive relief against the state court proceeding. . . . Thus, where the *Younger* abstention criteria are otherwise met, even if a party requests monetary damages, a federal court in the Tenth Circuit must abstain from adjudicating the entire case while state proceedings are ongoing."); *Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007) (finding abstention proper because defendant could have raised damages claim stemming from child custody and support orders in state court). Fundamentally, this is not a case involving relief that "cannot be redressed in the state proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

Accordingly, the Court dismisses all of Plaintiff's claims. Because dismissal based upon *Younger* abstention is jurisdictional, the Court must dismiss the action without prejudice. *Bonjorno v. Asher*, No. 5:24-CV-04111-HLT-BGS, 2025 WL 2374148, at *6 (D. Kan. Aug. 14, 2025) ("A court that finds *Younger* applies must dismiss without prejudice any actions for injunctive or declaratory relief." (citing *Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007))); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for

lack of jurisdiction, as it did here, the dismissal must be without prejudice.”).[6]

## CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

The State Defendants’ Motion to Dismiss Plaintiff’s Second Amended Complaint (ECF No. 54) is GRANTED, and the claims against Defendants Colorado Division of Child Support Services and Larry Desbien are DISMISSED without prejudice as barred by *Younger*.

The claims against Foothills Credit Union are DISMISSED without prejudice as barred by *Younger*.

The Clerk of Court is directed to close this case.

Dated this 16th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

[6] Because *Younger* abstention applies and requires dismissal of all Plaintiff’s claims, the Court need not consider Defendants’ alternative arguments for dismissal. Each of these arguments is directed at claims the Court has already dismissed for lack of jurisdiction under *Younger*, and the Court’s abstention “moots any other challenge to th[ose] claim[s].” *D.L.*, 392 F.3d at 1228 (citation modified); *see also Brereton*, 434 F.3d at 1218 (“[A] court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.”).